HawkiNS, J.,
delivered the opinion of the Court.
The pleadings in this cause present the following state of facts: On the 18th of August, 1'861, Wm. B. Booker and James F. Allison, merchants and partners in trade, under the name and style of Booker & Allison, executed a promissory note, whereby they promised to pay to the order of James J. Allison, four months after date, the sum of three thousand dollars. James J. Allison indorsed and delivered the same to the plaintiff, and thereafter died intestate. James F. Allison was appointed administrator of the estate of said intestate by the County Court of Haywood County, at the August Term, 1864. At the June Term, 1865, of said County Court, Allison was permitted to resign his said administration, and there *27 upon, at the same term of the Court, Raynor was appointed administrator of the estate of said intestate. On the ’30th' of August, 1865, as appears from the record, Coleman, the assignee of the note, brought this action, in the Circuit Court of Haywood County, against the makers, and ’ Thos. A. Raynor as administrator of James J. Allison,' the indorser thereof. The administrator plead in abatement, that the action was brought against him before the lapse of six months after the date of his qualification as such administrator. To this plea the plaintiff filed a demurrer. The Court overruled the demurrer, and dismissed the suit as to said administrator; and the plaintiff has appealed to this Gourt. The question presented for our consideration, is this: Was this suit prematurely brought as against the administrator? It is insisted that under the provisions of sec. 2274 of the Code, the defendant, Raynor, was protected from suit, against him as administrator, for sis months from' and after the date of his qualification, and inasmuch as this suit was commenced within that time, it was therefore properly dismissed. At the common law an administrator could not. resign, or by any voluntary act of his own denude himself of the trust. ‘ But by see. 2237 of the Code, it is provided, that any executor or administrator may resign in the manner pointed out by that section, and that after the notice has been given of the application to resign, as required by that section, “the Court shall cause the petitioner’s account to be settled, and may, at its discretion, accept the resignation of the peti *28 tioner, and appoint an administrator in his stead.” And by the following section it is further provided, that, “The Court shall order the petitioner to pay over and deliver to the new administrator the balance of money, property, and effects in his hands; and unless said payment and delivery Re made, in pursuance of the order, the Court may order an execution against him and his sureties, after giving five days’ notice to the sureties.”
The object of the provisions in sec. 2274, that suit commenced against administrator, or executors, within six months after the date of their qualification, may he abated, is not for' the benefit or protection of the representative, but is to protect the estate, and prevent its being wasted and swallowed up by unnecessary costs, by securing to the administrator that time, within which to ascertain- the situation of the deceased’s estate, and to arrange and settle it, without being liable to suit and costs.
In this .case, more than six months had elapsed after administration was granted upon the estate of the intestate, and before the resignation of the administrator, and appointment of an administrator in his stead. The time allowed by law to enable the administrator to ascertain the situation of his intestate’s estate, and arrange and settle it without being liable to suit and cost, had expired before the resignation of the original administrator; and at the time of his resignation he was liable to suit and cost. The object of the law had been accomplished. The administration granted to Raynor was but a con *29 tinuation of the administration previously granted to Allison, for it will be observed the language of the Code, conferring the power upon the Court to accept the resignation and make the appointment, is, “ The Court may, at its discretion,. accept the resignation of the petitioner, and appoint an administrator in bis stead/5 Hence, it follows, having been appointed in the stead of the original administrator, the new administrator takes the place of the original administrator, and proceeds with the administration, beginning at the point where the original administrator laid down his trust, clothed with all the rights, privileges, and exemptions of the original administrator, hut no more, and is, at the same time, subject to all the responsibilities of a general administrator.
Our Statutes make no provisions for the appointment of an administrator de bonis non, upon the death of the original administrator; and whether there be any distinction between the character, rights, and liabilities of an administrator de bonis non, appointed upon the death of an original administrator, and of a statutory administrator, appointed upon the resignation of the original administrator, and in his stead, as in this case, we do not now determine. In ordinary cases of administration de bonis non, at the Common Law, the administrator has but little, if indeed any, more means of readily ascertaining the situation of the intestate’s estate than the original administrator; but like the one under consideration, before the original administrator can resign his trust, or the Court authorized to accept his resignation, he *30 must make a settlement of his administration; and, in addition, “ The Court shall order the petitioner to pay over, and deliver to the new administrator, the balance of. money, property, and effects, in his hands;” and upon his failure to comply with such orders, an execution may he issued against him, and. his sureties; and thus the new administrator is not only furnished with information touching the situation of his intestate’s estate immediately upon taking upon himself the administration thereof, but all the assets thereto, or which came to' the hands of the original administrator, and remaining in his hands at the time of his resignation, are without delay placed in the hands of the new administrator, so that the reason of the Act exempting administrators, and executors, frpm suit and cost, or suit for six months, does not apply to cases like this. Construing all our Acts upon the subject of administrations together, and with a view to the object to be obtained, we are of opinion that the provisions of secs. 2274 of the Code, do not apply to the case now before the Court, and that his Honor, the Circuit Judge, erred in overruling plaintiff’s demurrer to defendant’s plea. The demurrer should have been sustained, and defendants permitted to plead over.
The judgment of the Circuit Court must, therefore be reversed, and the cause remanded to the Circuit Court of Haywood County, to be proceeded in, in accordance to the principles stated in this opinion.